THE PEOPLE ᴇx ʀᴇʟ. GEORGE WILLIS *v.* THE JUSTICES OF THE COURT OF SPECIAL SESSIONS, Respondents.

*Criminal law* — *evidence of another distinct crime, for purpose of showing intent* — *admissibility of.*

The plaintiff in error was tried and convicted of petit larceny, the offense having been committed while the complainant was changing a ten dollar bill for him on January 20, 1876. Upon the trial the prosecution was allowed to prove that he had attempted to commit the like crime in the same manner on the 29th of February, 1876, in order to prove intent. *Held*, that the evidence was inadmissible.

*Weyman* v. *People* (4 Hun, 511); *Bielschofsky* v. *People* (3 id., 40) distinguished.

Certiorari, to review the conviction of the relator of petit larceny by the Special Sessions.

The evidence on the part of the prosecution tended to show that, on the twentieth of January the plaintiff in error entered the complainant's place of business and requested change for a ten dollar bill. Complainant gave him a five dollar bill and five ones, and relator said, " Won't you give me a good five dollar bill ; I want to send it in a letter ? " Complainant opened his drawer again and gave him a clean one, when he said : " Can you give me a stiff one ; a new one ? " Complainant did so, and relator said : " That will do," and took it. Complainant said : " You are going to give me five dollars, aint you ? " and the prisoner replied that he had done so. In the

confusion of the transaction the complainant was perplexed about the precise nature of the transaction, and the relator went out before complainant was quite certain whether or not he had lost the bill.

Upon the trial the prosecution was allowed to prove that the relator, on the twenty-ninth of February, attempted to play the same trick upon one Meyer, living in Greene street.

*Wm. F. Howe*, for the relator.

*B. K. Phelps*, for the people.

Davis, P. J.:

On the trial evidence was given tending to show that the relator, on the 20th January, 1876, committed the crime of petit larceny of the property of one Roden, charged in the complaint.

Evidence was then offered, on the part of the respondent, tending to prove that the relator committed, or attempted to commit, the like crime of larceny of the property of one Meyer, on the 29th of February, 1876.

This evidence was objected to by the relator's counsel.

The objection was overruled and an exception was taken. The court received the evidence, on the ground that it tended to show the intent. After the evidence was in, the relator's counsel objected, upon the ground " that it is a circumstance which occurred between the defendant and another, at an entirely different place ; that it is an entirely different offense, if any."

He therefore asked that it be stricken out ; the court below over-ruled the objection and denied the motion. No connection what-ever was shown between the transactions, and the latter took place more than a month after the former. The cases cited by the counsel for the people (*Weyman's Case*, 4 Hun, 511 ; *Bielschofsky Case*, 3 Hun, 40), were cases in which the other transactions admitted in evidence were connected more or less directly with the particular transaction charged against the accused.

They were intimately related both in point of time and in matter of fact, and were therefore held to fall within the rule which permits evidence of other offenses for the purpose of establishing intent.

In *The People* v. *Copperman* (56 N. Y., 593), it was held that it

was not competent upon the trial of one offense, to prove that the prisoner committed another not connected with it.

The true rule is laid down with great clearness by DANIELS, J., in *Weyman* v. *People* (4 Hun, *supra*), and it requires that the transactions shall be so connected as to time, and so similar in their other elements, that the same motive may reasonably be imputed to them. And he extended this rule to cases of larceny. In this case, however, the offenses were distinct and independent of each other, and the most that the second one tended to prove was a propensity in the prisoner to commit the crime of larceny. It was error, under the circumstances, to receive the evidence, and the judgment must be reversed.

BRADY and DANIELS, JJ., concurred.

Judgment reversed.